**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
mmatern@maternlawgroup.com
Dalia Khalili (SBN 25384)
dkhalili@maternlawgroup.com
Deanna S. Leifer (SBN 265840)
dleifer@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff JESSICA
WINGO individually, and on behalf
of others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA WINGO, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>H & M HENNES & MAURITZ L.P., a limited partnership; and DOES 1 through 50, inclusive,<br><br>Defendants | CASE NO.: 4:21-cv-09000-PJH<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. Failure to Provide Meal Periods<br>2. Failure to Authorize and Permit Rest Periods<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Minimum Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Maintain Required Records<br>7. Failure to Furnish Accurate Itemized Wage Statements<br>8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>9. Unfair and Unlawful Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-1-

FIRST AMENDED CLASS ACTION COMPLAINT

**INTRODUCTION**

PLAINTIFF JESSICA WINGO ("PLAINTIFF") an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.     The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants H & M HENNES & MAURITZ L.P., a limited partnership; and DOES 1 through 50 inclusive (collectively "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

2.     Venue is proper in this judicial district and the County of Alameda, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Alameda, DEFENDANTS maintain offices and facilities and transact business in the County of Alameda, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Alameda.

**PLAINTIFF**

3.     PLAINTIFF is a female resident of the State of California and a former employee of DEFENDANTS.  PLAINTIFF was employed by DEFENDANTS as a Store Manager in Livermore, California from approximately July 2019 to September 16, 2021.  PLAINTIFF was paid approximately $40.00 per hour.

4.     PLAINTIFF, on behalf of herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-2-                    FIRST AMENDED CLASS ACTION COMPLAINT

1   wages and penalties from unpaid wages earned and due, including but not limited to
2   unpaid minimum wages, unpaid and illegally calculated overtime compensation,
3   illegal meal and rest period policies, failure to pay all wages due to discharged and
4   quitting employees, failure to indemnify employees for necessary expenditures
5   and/or losses incurred in discharging their duties, failure to provide accurate
6   itemized wage statements, and failure to maintain required records, and interest,
7   attorneys' fees, costs, and expenses.

8       5.      PLAINTIFF brings this action on behalf of herself and the following
9   similarly situated class of individuals ("CLASS MEMBERS"): all current and
10  former non-exempt, hourly managers and supervisors of DEFENDANTS,
11  including all store managers, department managers, assistant managers, and store
12  supervisors, in the State of California at any time within the period beginning
13  four (4) years prior to the filing of this action and ending at the time this action
14  settles or proceeds to final judgment (the "CLASS PERIOD").   PLAINTIFF
15  reserves the right to name additional class representatives.

16                              **DEFENDANTS**

17      6.      PLAINTIFF is informed and believes, and thereon alleges, that
18  DEFENDANT H & M HENNES & MAURITZ L.P., is, and at all times relevant
19  hereto was, a limited partnership organized and existing under the laws of the State
20  of New York  PLAINTIFF is further informed and believes, and thereon alleges,
21  that DEFENDANT H & M HENNES & MAURITZ L.P. is authorized to conduct
22  business in the State of California, and does conduct business in the State of
23  California. Specifically, DEFENDANT H & M HENNES & MAURITZ L.P.
24  maintains offices and facilities, conducts business, and engages in illegal payroll
25  practices or policies in the County of Alameda, State of California.

26      7.      The true names and capacities of DOES 1 through 50, inclusive, are
27  unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE
28  Defendants under fictitious names.  PLAINTIFF is informed and believes, and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-3-                    FIRST AMENDED CLASS ACTION COMPLAINT

1  thereon alleges, that each Defendant designated as a DOE is in some manner highly

2  responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS

3  MEMBERS' injuries and damages, as alleged herein, were proximately caused by

4  the conduct of such DOE Defendants.  PLAINTIFF will seek leave of the court to

5  amend this Complaint to allege their true names and capacities of such DOE

6  Defendants when ascertained.

7        8.      At all relevant times herein, PLAINTIFF and CLASS MEMBERS

8  were employed by DEFENDANTS under employment agreements that were partly

9  written, partly oral, and partly implied. In perpetrating the acts and omissions

10  alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in

11  furtherance of, their policies and practices of not paying PLAINTIFF and CLASS

12  MEMBERS all wages earned and due, through methods and schemes which

13  include, but are not limited to, failing to pay overtime premiums; failing to provide

14  rest and meal periods; failing to properly maintain records; failing to provide

15  accurate itemized statements for each pay period; failing to properly compensate

16  PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring,

17  permitting or suffering the employees to work off the clock, in violation of the

18  California Labor Code and the applicable Welfare Commission ("IWC") Orders.

19        9.      PLAINTIFF is informed and believes, and thereon allege, that each

20  and every one of the acts and omissions alleged herein were performed by, and/or

21  attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or

22  under the direction and control of, each of the other DEFENDANTS, and that said

23  acts and failures to act were within the course and scope of said agency,

24  employment and/or direction and control.

25        10.     Pursuant to California Labor Code § 558.1, DEFENDANTS and any

26  person acting on behalf of any of the DEFENDANTS, are liable for violating, or

27  causing to violate, any provision regulating minimum wages or hours and days of

28  work in any order of the Industrial Welfare Commission, or Labor Code §§ 203,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-4-

FIRST AMENDED CLASS ACTION COMPLAINT

226, 226.7, 1193.6, 1194, or 2802.

11.    As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

12.    This action is appropriately suited for a Class Action because:

a.    The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

b.    This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.    The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.    PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

///

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-5-                          FIRST AMENDED CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**Failure to Provide Meal Periods**

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 7-2001, § 11]**

**(Against all DEFENDANTS)**

15.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

16.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 7-2001, § 11.

17.    DEFENDANTS consistently failed to provide PLAINTIFF and CLASS MEMBERS meal periods because PLAINTIFF and CLASS MEMBERS were too busy and there were not enough employees staffed to allow PLAINTIFF and CLASS MEMBERS to take their meal periods.  PLAINTIFF was not provided a meal period approximately three times a week, and often was required to take a meal period after the fifth hour of work.  PLAINTIFF witnessed other CLASS MEMBERS being working through their meal periods as well.

18.    In addition, PLAINTIFF and CLASS MEMBERS frequently were interrupted during their meal periods and asked work-related questions or required to return to work.  PLAINTIFF and CLASS MEMBERS were required to keep their phones on at all times, including during meal periods.  PLAINTIFF frequently was interrupted by calls from customer service or the District Manager and asked work-related questions during her meal periods.  PLAINTIFF also was interrupted during her meal periods by customers and other employees and often required to return to work.    PLAINTIFF    was    interrupted    during    her    meal    periods

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-6-                    FIRST AMENDED CLASS ACTION COMPLAINT

approximately five days a week.  PLAINTIFF witnessed other CLASS MEMBERS being interrupted during meal periods as well.

19.    DEFENDANTS were aware that PLAINTIFF and CLASS MEMBERS were not provided uninterrupted, 30-minute meal periods during their shifts, as PLAINTIFF informed DEFENDANTS' District Manager that there were not enough employees staffed to allow her and other CLASS MEMBERS to take their meal periods.   However, DEFENDANTS' District Manager denied PLAINTIFF's request to hire or staff additional employees.

20.    DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 7-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

21.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 7-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

22.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 7-2001, § 12]

### (Against all DEFENDANTS)

23.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

24.    At all times relevant herein, as part of DEFENDANTS' illegal payroll

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-7-        FIRST AMENDED CLASS ACTION COMPLAINT

policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 7-2001, § 12.

25.    DEFENDANTS consistently failed to provide PLAINTIFF and CLASS MEMBERS rest periods because PLAINTIFF and CLASS MEMBERS were too busy and there were not enough employees staffed to allow PLAINTIFF and CLASS MEMBERS to take their rest periods. PLAINTIFF was not provided her first or second 10-minute rest period approximately five days a week. PLAINTIFF witnessed other CLASS MEMBERS being working through their rest periods as well.

26.    In addition, PLAINTIFF and CLASS MEMBERS frequently were interrupted during their rest periods and asked work-related questions or required to return to work. PLAINTIFF and CLASS MEMBERS were required to keep their phones on at all times, including during rest periods. PLAINTIFF frequently was interrupted by calls from customer service or the District Manager and asked work-related questions during her rest periods. PLAINTIFF also was interrupted during her rest periods by customers and other employees. PLAINTIFF was interrupted during her rest periods approximately five days a week. PLAINTIFF witnessed other CLASS MEMBERS being interrupted during rest periods as well.

27.    DEFENDANTS were aware that PLAINTIFF and CLASS MEMBERS were not authorized and permitted uninterrupted, 10-minute rest periods during their shifts, as PLAINTIFF informed DEFENDANTS' District Manager that there were not enough employees staffed to allow her and other CLASS MEMBERS to take their rest periods. However, DEFENDANTS' District Manager denied PLAINTIFF's request to hire or staff additional employees.

28.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 7-2001, § 12 by failing to pay PLAINTIFF and CLASS

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-8-                    FIRST AMENDED CLASS ACTION COMPLAINT

MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

29.   As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 7-2001, § 3]**

**(Against all DEFENDANTS)**

30.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

31.   Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 7-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

32.   PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 7-2001.  During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-9-      FIRST AMENDED CLASS ACTION COMPLAINT

Labor Code §§ 510, 1194, and IWC Wage Order No. 7-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

33.    PLAINTIFF and CLASS MEMBERS regularly worked over eight hours in a day and/or over forty hours in a week during their employment with DEFENDANTS.  PLAINTIFF and CLASS MEMBERS frequently were required to work before clocking in and after clocking out for their shifts.  PLAINTIFF was required to complete performance reviews, salary reviews and create power point presentations outside of her scheduled shift time, for which PLAINTIFF was not compensated.  PLAINTIFF spent approximately 30 hours a month working off the clock on performance reviews, salary reviews, and power point presentations.  In addition, PLAINTIFF was required to respond to phone calls, text messages, and emails while clocked out for her shift.  PLAINTIFF spent approximately one to two hours a day answering calls, messages, and emails prior to clocking in and after clocking out for her shift.  PLAINTIFF is aware of other CLASS MEMBERS being required to respond to calls and messages while off the clock as well.

34.    Moreover, on days where PLAINTIFF and CLASS MEMBERS clocked out for a meal period and were interrupted or required to return to work, PLAINTIFF and CLASS MEMBERS were not paid for all overtime hours worked on occasions where they worked over eight hours in a day and/or over forty hours in a week.

35.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-10-                    FIRST AMENDED CLASS ACTION COMPLAINT

CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

36.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 7-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 7-2001, § 4]

### (Against all DEFENDANTS)

37.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

38.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 7-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

39.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-11-                    FIRST AMENDED CLASS ACTION COMPLAINT

worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

40.    PLAINTIFF and CLASS MEMBERS regularly worked over eight hours in a day and/or over forty hours in a week during their employment with DEFENDANTS.  PLAINTIFF and CLASS MEMBERS frequently were required to work before clocking in and after clocking out for their shifts.  PLAINTIFF was required to complete performance reviews and salary reviews and create power point presentations outside of her scheduled shift time, for which PLAINTIFF was not compensated.  PLAINTIFF spent approximately 30 hours a month working off the clock on performance reviews, salary reviews, and power point presentations. In addition, PLAINTIFF was required to respond to phone calls, text messages, and emails while clocked out for her shift.  PLAINTIFF spent approximately one to two hours a day answering calls, messages, and emails prior to clocking in and after clocking out for her shift.  PLAINTIFF is aware of other CLASS MEMBERS being required to respond to calls and messages while off the clock as well.

41.    In addition, PLAINTIFF and CLASS MEMBERS regularly were interrupted during meal and rest periods and asked work-related questions or required to return to work.   On these occasions, PLAINTIFF and CLASS MEMBERS were working off the clock and were not paid minimum wages for all hours worked.

42.    DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 7-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-12-

FIRST AMENDED CLASS ACTION COMPLAINT

DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

**FIFTH CAUSE OF ACTION**

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

43.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

44.   Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

45.   Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

46.   California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

47.   During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

48.   PLAINTIFF was discharged on approximately September 16, 2021. DEFENDANTS failed to include meal and rest period premium payments to which PLAINTIFF was entitled in her final paycheck.  In addition, DEFENDANTS failed

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-13-                    FIRST AMENDED CLASS ACTION COMPLAINT

to pay PLAINTIFF minimum and overtime wages on occasions where PLAINTIFF worked off the clock. These wages were not included in PLAINTIFF's final paycheck.

49.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

50.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## <u>SIXTH CAUSE OF ACTION</u>

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 7-2001, § 7]

### (Against all DEFENDANTS)

51.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 7-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; time records showing when each employee begins and ends each work period; and meal periods.

53.    PLAINTIFF and CLASS MEMBERS were entitled to meal and rest

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-14-                    FIRST AMENDED CLASS ACTION COMPLAINT

period premium payments for meal and rest period violations, as alleged herein. Such premium payments were not reflected on the wage statements of PLAINTIFF and CLASS MEMBERS.   In addition, PLAINTIFF and CLASS MEMBERS regularly worked off the clock.  These unpaid hours were not included on the wage statements of PLAINTIFF and CLASS MEMBERS.

54.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code § 226; IWC Wage Order No. 7-2001, § 7]

### (Against all DEFENDANTS)

55.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

56.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 7-2001, § 7.

57.    During    the    CLASS    PERIOD,    DEFENDANTS    knowingly    and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-15-        FIRST AMENDED CLASS ACTION COMPLAINT

intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

58.     PLAINTIFF and CLASS MEMBERS were entitled to meal and rest period premium payments for meal and rest period violations, as alleged herein. Such premium payments were not reflected on the wage statements of PLAINTIFF and CLASS MEMBERS.   In addition, PLAINTIFF and CLASS MEMBERS regularly worked off the clock.  These unpaid hours were not included on the wage statements of PLAINTIFF and CLASS MEMBERS.

59.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

60.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

61.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-16-                    FIRST AMENDED CLASS ACTION COMPLAINT

62.   During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for cell phone usage, mileage, and other employment-related expenses, in violation of California Labor Code § 2802.

63.   PLANTIFF and CLASS MEMBERS frequently used their personal cell phones for work-related purposes.  PLANTIFF used her personal cell phone to respond to phone calls, text messages, and emails from the DEFENDANTS' District Manager, DEFENDANTS' customer service department, and other employees of DEFENDANTS.  PLAINTIFF and CLASS MEMBERS were never reimbursed for their cell phone expenses.

64.   PLAINTIFF and CLASS MEMBERS often used their personal vehicles for work-related purposes.  PLAINTIFF was required to use her personal vehicle to drive approximately 20 miles to and from another store of DEFENDANTS to print signage and marketing materials approximately three times a week.  PLAINTIFF and CLASS MEMBERS were never reimbursed for their mileage.

65.   As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-17-                    FIRST AMENDED CLASS ACTION COMPLAINT

### NINTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200, et seq.]**

**(Against all DEFENDANTS)**

66.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

67.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

68.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

69.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-18-                    FIRST AMENDED CLASS ACTION COMPLAINT

applicable regulations.

70.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

**71.**    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them.    PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 7-2001;

4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-19-    FIRST AMENDED CLASS ACTION COMPLAINT

Code and the IWC Wager Orders, and from engaging in the unlawful business practices complained of herein;

6.    For waiting time penalties pursuant to California Labor Code § 203;

7.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e);

8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.    For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as class representative and PLAINTIFF's counsel as class counsel; and

13.    For such further relief that the Court may deem just and proper.


DATED: December 7, 2021        Respectfully submitted,

**MATERN LAW GROUP, PC**


By:   */s/ Deanna S. Leifer*
       MATTHEW J. MATERN
       DALIA KHALILI
       DEANNA S. LEIFER
       Attorneys for Plaintiff JESSICA WINGO,
       individually, and on behalf of other
       persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-20-    FIRST AMENDED CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.


DATED: December 7, 2021                    Respectfully submitted,

                                           **MATERN LAW GROUP, PC**


                                    By:    */s/ Deanna S. Leifer*
                                           MATTHEW J. MATERN
                                           DALIA KHALILI
                                           DEANNA S. LEIFER
                                           Attorneys for Plaintiff JESSICA WINGO,
                                           individually, and on behalf of other
                                           persons similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

-21-                    FIRST AMENDED CLASS ACTION COMPLAINT